ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| GEOVANNY ORTIZ PÉREZ<br><br>Parte Recurrente<br><br><br>v.<br><br><br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Parte Recurrida | TA2026RA00143 | *Revisión Judicial,* procedente del Tribunal del Departamento de Corrección y Rehabilitación<br><br><br>Caso Núm.:<br>GMA 1000-30-26<br><br><br>Sobre:<br>Remedio Administrativo (Pertenencias) |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Monge Gómez y la Jueza Prats Palerm.

Monge Gómez, Juez Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 23 de abril de 2026.

Compareció ante este Tribunal la parte recurrente, el Sr. Geovanny Ortiz Pérez (en adelante, el "señor Ortiz Pérez" o "Recurrente"), mediante un recurso de revisión judicial presentado el 27 de marzo de 2026. Nos solicitó la revocación de la *Respuesta al Miembro de la Población Correccional* (en adelante, "Determinación*")* emitida por el Departamento de Corrección y Rehabilitación (en adelante, "DCR" o "Recurrido") el 19 de febrero de 2026 y notificada el 24 de febrero de 2024. Dicho dictamen fue objeto de una "**Solicitud de Reconsideración**" presentada por el Recurrente, la cual fue modificada el 12 de marzo de 2026 y notificada el 16 del mismo mes y año.

Examinada la solicitud de autos, la totalidad del expediente y el estado de derecho aplicable, prescindimos de la comparecencia de la parte recurrida, al amparo de la Regla 7(B)(5) del Reglamento de este Tribunal,[1] y

---

[1] *Véase*, Regla 7 (B)(5) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re* Aprob. Enmdas. Reglamento TA, 2025 TSPR 42, pág. 15, 215 DPR __ (2025).

por los fundamentos que expondremos a continuación, se *confirma* la *Determinación* emitida por el DCR.

**I.**

El presente caso tuvo su génesis el 16 de enero de 2026, cuando el señor Ortiz Pérez presentó una "**Solicitud de Remedio Administrativo**" ante el DCR. Mediante la misma, peticionó que ciertos productos alegadamente comprados en comisaría le fueran entregados. El 19 de febrero de 2026, el DCR emitió una *Determinación* a través de la cual informó que, del 13 al 19 de febrero de 2026, el Lcdo. Francisco Quiñones Rivera, Secretario del DCR, autorizó la entrada de artículos a los confinados por parte de los familiares, por lo que tenía la oportunidad de que éstos fueran entregados.

Así las cosas, el 4 de marzo de 2026, el Recurrente presentó una "**Solicitud de Reconsideración**" a través de la cual expresó su disconformidad con la referida *Determinación.* Finalmente, el 12 de marzo de 2026, el DCR emitió una *Respuesta de Reconsideración al Miembro de la Población Correccional* en la que modificó la *Determinación* para establecer que en el área de ropería no existían pertenencias a nombre del señor Ortiz Pérez. Asimismo, le orientó al Recurrente que ofreciera los datos específicos incluyendo la fecha de los hechos y lugar de la alegada remoción de pertenencias para realizar la investigación de rigor.

Inconforme con lo anteriormente resuelto, el Recurrente acudió ante este Tribunal mediante el recurso de epígrafe, en el que señaló los siguientes errores:

1. Erró el Superintendente Harry Feliciano Maldonado y Santiago Amaro al no seguir con las normas y reglas establecidas en el Reglamento Núm. 9221 de 8 de octubre de 2020 Secc. 9 donde nada que no se le ha dado mal uso no tenían porque sacarlo para afuera. Véase Reglamento Propiedad Confinado

2. Erró el Superintendente a la Respuesta que le dio el día 5 de febrero 2026 área de la Biblioteca Inst. Guayama al Recurrente pedirle y explicarle la situación con las pertenencias después del Recurrente explicarle el Sr. Feliciano le citó el Reglamento diciendo que el Reglamento prohíbe la entrada de dichas pertenencias que fueron adquiridas en la comisaria. El peticionario Ortiz Pérez es claro que tampoco se permite haber sacado dichas pertenencias para la calle el cual fueron compradas en la comisaria.

3. Erró el superintendente Feliciano, no cumplir con el mandato del Secretario Lcdo. Francisco A. Quiñones de avisarle al Recurrente para que pudiera traer las pertenencias del 13 al 19 de febrero. Véase Anejo 2 Respuesta.

4. Erró el superintendente Feliciano al no cumplir con la Constitución del Estado Libre Asociado de PR de expropiación forzosa a pesar de los cambios radicales. Richard Group, 100 DPR 23 (1978) las pertenencias fueron comprada en a comisaría.

5. Erró el superintendente al pasar por alto que el recurrente tiene las facturas de la comisaria y que no se permite sacar ninguna propiedad comprada en la comisaria. Que en toda las Inst. de Depto. Corrección está permitido el Radio y los demás artículos el cual es un gasto de dinero para el familiar que tanto se esfuerza. Véase todas las facturas Anejo 5-8.

## II.

### A.

Es norma reiterada en nuestro ordenamiento jurídico que los tribunales apelativos están llamados a abstenerse de intervenir en las decisiones administrativas, ya que éstas poseen una presunción de legalidad y corrección. ECP Incorporated v. OCS, 205 DPR 268, 281 (2020); Torres Rivera v. Policía de PR, 196 DPR 606, 626 (2016). Cónsono con ello, se ha resuelto que las decisiones de las agencias administrativas gozan de la mayor deferencia por los tribunales. Oficina de Ética Gubernamental v. Martínez Giraud, 210 DPR 79, 88-89 (2022). Ello debido a que dichos entes gubernamentales son los que poseen el conocimiento especializado y experiencia en los asuntos que les son encomendados. Super Asphalt v. AFI, 206 DPR 803, 819 (2021).

Sin embargo, recientemente, nuestro Tribunal Supremo cambió esta norma de deferencia hacia las decisiones administrativas, al adoptar la opinión del Tribunal Supremo de los Estados Unidos en el caso de Loper Bright Enterprises v. Raimondo, 603 US 369 (2024). En específico, determinó que la interpretación de las leyes es una tarea que le corresponde a los tribunales y dispuso que estos, en el ejercicio de su función revisora, deberán actuar con el rigor que prescribe la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico de 2017 y no ser guiados por la deferencia automática. Vázquez v. Consejo de Titulares, 2025 TSPR 56, 215 DPR ___.

La Sección 4.5 de la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, Ley Núm. 38-2017 (3 LPRA sec. 9675) (en adelante, "la LPAU") dispone que "[l]as determinaciones de hechos de las decisiones de las agencias serán sostenidas por el tribunal, si se basan en evidencia sustancial que obra en el expediente administrativo". Así pues, la intervención judicial en estos casos ha de centrarse en tres aspectos principales: (1) si el remedio concedido fue apropiado; (2) si las determinaciones de hechos están razonablemente sostenidas por la prueba y (3) si las conclusiones de derecho del organismo administrativo son correctas. P.R.T.C. Co. v. J. Reg. Tel. de P.R., 151 DPR 269, 281 (2000). Podemos decir que la deferencia reconocida a la decisión de una agencia administrativa cede en las siguientes circunstancias: cuando no está basada en evidencia sustancial, cuando el organismo administrativo ha errado en la aplicación de la ley y cuando ha mediado una actuación irrazonable o ilegal. T-JAC, Inc. v. Caguas Centrum Limited, 148 DPR 70, 80 (1999).

Según lo ha definido el Tribunal Supremo en diversas ocasiones, evidencia sustancial es "aquella evidencia relevante que una mente razonable podría aceptar como adecuada para sostener una conclusión". Hilton Hotels v. Junta Salario Mínimo, 74 DPR 670, 687 (1953). Por ello, quien impugne las determinaciones de hechos de una agencia administrativa tiene el deber de presentar ante el foro judicial la evidencia necesaria que permita, como cuestión de derecho, descartar la presunción de corrección de la determinación administrativa. El peso de la prueba descansa entonces sobre la parte que impugna la determinación administrativa. Com. Vec. Pro-Mej., Inc. v. J.P., 147 DPR 750, 761 (1999). Además, debe demostrar que existe otra prueba en el expediente que reduzca o menoscabe el valor probatorio de la evidencia impugnada, hasta el punto de que no se pueda concluir que la determinación de la agencia fue razonable de acuerdo con la totalidad de la prueba que tuvo ante su consideración. Rebollo v. Yiyi Motors, 161 DPR 69, 76-77 (2002).

Las conclusiones de derecho, tal y como surge de la Sección 4.5 de la LPAU, supra, deben ser revisadas en todos sus aspectos. 3 LPRA sec.

9675. Sin embargo, esto no significa que, al ejercer su función revisora, podamos descartar liberalmente las conclusiones e interpretaciones de la agencia, sustituyendo el criterio de ésta por el propio. "Al evaluar los casos es necesario distinguir entre cuestiones de interpretación estatutaria, en la que los tribunales son especialistas, y cuestiones propias para la discreción o pericia administrativa". Adorno Quiles v. Hernández, 126 DPR 191, 195 (1990).

No obstante, la deferencia judicial en la revisión de determinaciones administrativas no conlleva la renuncia de este Tribunal a su función revisora. La deferencia reconocida no equivale a la dimisión de la función revisora de este foro apelativo intermedio en instancias adecuadas y meritorias, como resulta ser cuando la agencia ha errado en la aplicación de la ley. Reyes Salcedo v. Policía de P.R., 143 DPR 85, 94 (1987).

**B.**

El Artículo VI, Sección 19 de nuestra Carta Magna establece la política púbica del Estado de "reglamentar las instituciones penales para que sirvan a sus propósitos en forma efectiva y propender, dentro de los recursos disponibles, al tratamiento adecuado de los delincuentes para hacer posible su rehabilitación moral y social". Art. VI, Sec. 19, Const. PR, LPRA, Tomo 1.

De conformidad con dicho axioma constitucional, el Artículo 2 del Plan de Reorganización Núm. 2 de 21 de noviembre de 2011, según enmendado, conocido como el "Plan de Reorganización del Departamento de Corrección y Rehabilitación de 2011", 3 LPRA Ap. XVIII (en adelante, el "Plan de Reorganización"), dispone que:

> La política pública del Gobierno de Puerto Rico a través de la creación de un sistema integrado de seguridad y administración correccional donde las funciones y deberes se armonicen en un proceso facilitador a la imposición de penas y medidas de seguridad, así como a la custodia de ciudadanos que han sido encontrados incursos en la comisión de un delito o falta y que establezcan procesos de rehabilitación moral y social del miembro de la población correccional o transgresor, a fin de fomentar su reincorporación a la sociedad. 3 LPRA Ap. XVIII, Art. 2.

A tenor con las disposiciones del Artículo 7, inciso (aa), del Plan de Reorganización, el DCR tendrá la facultad para:

> [A]doptar, establecer, desarrollar, enmendar, derogar e implementar reglas, reglamentos, órdenes, manuales, normas y procedimientos para el funcionamiento efectivo del Departamento y de los organismos bajo su jurisdicción, a los fines de regir la seguridad, la disciplina interna y la conducta de funcionarios, empleados y de la clientela, así como los programas y servicios. 3 LPRA Ap. XVIII, Art. 7 (aa).

**III.**

En el presente caso, el señor Ortiz Pérez nos solicita la revocación de la *Respuesta de Reconsideración al Miembro de la Población Correccional* del DCR mediante la cual se le informó que en el área de ropería no existen pertenencias a su nombre.

En esencia, el Recurrente sostiene que el DCR erró al: (1) no seguir las normas establecidas en el Reglamento Núm. 9221, *supra*; (2) indicar que las pertenencias que compró en comisaría están prohibidas; (3) no cumplir con el mandato del Lcdo. Quiñones Rivera de avisarle que los familiares podían traerle sus pertenencias y (4) al ignorar que tiene las facturas de la comisaría y que no se permite sacar ninguna propiedad comprada en dicho lugar.

Del expediente ante nuestra consideración se desprende que, el 16 de enero de 2026, el señor Ortiz Pérez presentó una "**Solicitud de Remedio Administrativo**" ante el DCR alegando que ciertos productos que compró en la comisaría no le fueron entregados. El 19 de febrero de 2026, el DCR emitió una *Determinación* en la que le notificó que, del 13 al 19 de febrero de 2026, la entrada de artículos a los confinados por parte de los familiares estuvo permitida. Ante la presentación de una "**Solicitud de Reconsideración**", el DCR modificó su decisión a los fines de aclarar que en el área de ropería no existían pertenencias a nombre del señor Ortiz Pérez. A su vez, le orientó al Recurrente a que proveyera información específica, incluyendo los hechos y el lugar de la presunta remoción de pertenencias, a fin de poder llevar a cabo la investigación correspondiente.

Tras un examen ponderado e integral del expediente que obra ante nuestra consideración, hemos arribado a la conclusión de que la actuación del DCR estuvo dentro del marco de su autoridad y resultó razonable a la luz de la documentación disponible. Nos explicamos.

Los recibos correspondientes a los productos adquiridos por el Recurrente en la comisaría constan debidamente firmados y contienen las fechas de entrega. En particular, en dichos documentos se certifica la recepción de los artículos en cuestión, los cuales fueron firmados por el señor Ortiz Pérez en las siguientes fechas: 21 de abril de 2025, 7 de mayo de 2025 y 5 de diciembre de 2025. En consecuencia, al constar la entrega de los productos, no puede sostenerse que éstos permanezcan en la comisaría. Asimismo, el DCR le requirió que proveyera información específica, incluyendo la fecha de los hechos y el lugar de la alegada remoción de pertenencias, a los fines de realizar la investigación correspondiente. Dicho de otro modo, el Recurrente no colocó a la referida agencia en posición de investigar lo ocurrido con los productos.

Ante tal escenario, colegimos expresamente que el Recurrente no aportó evidencia suficiente para derrotar la presunción de corrección de la cual están investidas las decisiones del foro administrativo. En el ejercicio de nuestra función revisora, venimos compelidos a darle deferencia a la especialización, experiencia y las cuestiones propias de la discreción o pericia de las agencias administrativas. Tal y como hemos adelantado, somos de la opinión de que la agencia recurrida no actuó de manera arbitraria, ilegal, irrazonable o fuera del marco de los poderes que se le delegaron y, por tanto, no se cometieron los errores imputados.

**IV.**

Por los fundamentos que anteceden, los cuales hacemos formar parte integral del presente dictamen, *confirmamos* la *Respuesta de Reconsideración al Miembro de la Población Correccional* recurrida.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones